

# Fourth Court of Appeals
## San Antonio, Texas

February 24, 2014

No. 04-14-00012-CV

Burton **KAHN,**
Appellant

v.

**HELVETIA ASSET RECOVERY INC.,**
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18355
Honorable Karen H. Pozza, Judge Presiding

# O R D E R

In this interlocutory appeal, Appellant Burton Kahn filed a notice of appeal stating the following:

Defendant Burton Kahn desires to appeal from the cause number 2013CI18355. The Court did not rule on Plaintiff being a Foreign Corporation and is Maintaining Suit Without a Certificate of Authority by the court 407th Judicial District Bexar County, Texas on December 11, 2013.

In an order dated January 23, 2014, we explained that it appeared from his notice of appeal that Kahn is complaining the trial court did not rule on his Motion to Show Authority at a hearing held on December 11, 2013. Thus, Kahn's notice of appeal did not point to an appealable interlocutory order, but instead complained of a trial court's failure to rule on a motion. We explained that we have no jurisdiction over a trial court's failure to rule on a motion in an interlocutory appeal.

This court has jurisdiction over appeals from final judgments or orders. A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, there is no final judgment or order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. In Kahn's response to our show cause order, he states that he is appealing from the trial court's temporary injunction. Section 51.014(a)(4) of the Texas Civil Practice and Remedies Code states that a person may appeal from an interlocutory order that

"grants or refuses a temporary injunction or grants or overrules a motion to dissolve a temporary injunction as provide by Chapter 65." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4). Because the temporary injunction granted in this case is an appealable interlocutory order, we retain this case on the docket of this court and reinstate appellate deadlines.

Because the clerk's and reporter's records have been filed, we ORDER appellant to file his brief on or before **March 17, 2014**.

Karen Angelini, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of February, 2014.

Keith E. Hottle
Clerk of Court

